OPINION
{¶ 1} Defendant-appellant, Jonathan G. Wood, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, finding him guilty of street racing. Because that judgment is against the manifest weight of the evidence, we reverse and remand the matter for a new trial.
 {¶ 2} On the evening of October 6, 2005, appellant and a friend, Adam Gilbert, separately attended a high school soccer game. After the game, appellant and Gilbert[1] met in a parking lot near Lyman Drive in Hilliard, Ohio, to discuss their plans for the night. They decided to go to a restaurant where Gilbert's parents were eating. Appellant and *Page 2 
Gilbert pulled out of the parking lot in their individual cars. Gilbert was driving a Ford Mustang GT and appellant was driving a Honda Civic SI. Appellant left the parking lot first. He drove down Reynolds Drive and turned onto Britton Parkway. Gilbert followed appellant. They drove south on Britton Parkway. The speed limit on Britton Parkway is 40 miles per hour.
 {¶ 3} Hilliard Police Officer, David Cook, was stopped in a parking lot just south of the intersection of Reynolds Drive and Britton Parkway. His view of the intersection was obstructed by shrubbery. He heard, however, what he thought was the sound of engines racing. He then saw two cars speeding down Britton Parkway. He saw a Mustang one car length ahead of a Honda. The drivers applied their brakes causing their cars to "nose-dive" as they passed his police car. Officer Cook pulled the two cars over and cited both drivers for street racing.[2]
 {¶ 4} Appellant denied the charge and proceeded to a hearing before a magistrate. At the hearing, appellant and Gilbert both denied that they were street racing. Appellant explained that his car had a loud muffler. He also testified that Britton Parkway has two southbound lanes of traffic and that he and Gilbert were headed south in adjacent lanes. Appellant was in front of Gilbert as appellant approached the Britton Parkway's intersection with Cemetery Road. Officer Cook described what he saw that night and also testified that appellant apologized to him after he pulled appellant over. The magistrate recommended that the trial court find appellant guilty of street racing. The magistrate relied on testimony from Officer Cook indicating that appellant and Gilbert *Page 3 
were driving at accelerating speeds, side by side, in an attempt to out-distance the other. Appellant filed objections to the magistrate's decision. The trial court overruled those objections and adopted the magistrate's decision, finding appellant guilty of street racing and sentencing him accordingly.
 {¶ 5} Appellant appeals and assigns the following errors:
 [1]. THE JUVENILE COURT ERRED WHEN IT OVERRULED APPELLANT'S OBJECTIONS AND APPROVED, ADOPTED, AND RE-AFFIRMED THE DECISION OF THE MAGISTRATE BECAUSE THE FRANKLIN COUNTY PROSECUTOR FAILED TO MEET ITS REASONABLE EFFORTS BURDEN.
 [2]. THE JUVENILE COURT ERRED WHEN IT OVERRULED APPELLANT'S OBJECTIONS AND APPROVED, ADOPTED, AND RE-AFFIRMED THE DECISION OF THE MAGISTRATE BECAUSE SUCH DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 6} In his first assignment of error, appellant contends that his conviction was not supported by sufficient evidence. In State v.Jenks (1991), 61 Ohio St.3d 259, the Supreme Court of Ohio delineated the role of an appellate court presented with a challenge to the sufficiency of the evidence:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Id., at paragraph two of the syllabus.
 {¶ 7} Whether the evidence is legally sufficient is a question of law, not fact. State v. Thompkins (1997), 78 Ohio St.3d 380, at 386. Indeed, in determining the sufficiency of *Page 4 
the evidence, an appellate court must "give full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; State v. Thomas (1982), 70 Ohio St.2d 79, 80. A jury verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v.Treesh (2001), 90 Ohio St.3d 460, 484; Jenks, at 273.
 {¶ 8} R.C. 4511.251 prohibits street racing. That statute, as relevant here,[3] defines street racing as:
 the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other * * *
 {¶ 9} A prima facie case of street racing may be demonstrated by evidence showing "[t]he operation of two or more vehicles side by side either at speeds in excess of prima-facie lawful speeds established by divisions (B) (1 )(a) to (B)(8) of section 4511.21 of the Revised Code or rapidly accelerating from a common starting point to a speed in excess of such prima-facie lawful speeds * * *." R.C. 4511.251; State v.Preston (2001), 142 Ohio App.3d 619, 623. If the State establishes a prima facie case of street racing, a rebuttable presumption arises that the defendant engaged in street racing. Id.; State v. *Page 5 Barrett (1975), 45 Ohio App.2d 20, 23; State v. Goodman (1966),8 Ohio App.2d 166, 176. This presumption may be rebutted by contrary evidence.Preston.
 {¶ 10} The State contends that it presented sufficient evidence to establish a prima facie case of street racing. See Fairfield v.Casey (Oct. 4, 1999), Butler App. No. CA99-03-055 (evidence establishing prima facie case of street racing sufficient to support conviction). To establish the prima facie case, the State had to show: (1) the operation of two or more vehicles, (2) side by side, (3) either at speeds in excess of prima-facie lawful speeds or rapidly accelerating from a common starting point to a speed in excess of such prima-facie lawful speeds. Evidence that establishes a prima facie case of street racing is legally sufficient to support a criminal conviction for street racing. The State contends it presented sufficient evidence showing that appellant and Gilbert operated two vehicles side by side in excess of the lawful speed limit. We agree.
 {¶ 11} Officer Cook testified he witnessed two cars driving down Britton Parkway. One of the cars was a car length ahead of the other car. Appellant conceded that he and Gilbert were driving their cars south on Britton Parkway. However, appellant contends a prima facie case was not established because the cars were not side by side as required by R.C. 4511.251. We disagree.
 {¶ 12} To satisfy the "side by side" element of the prima facie case, it is not necessary that the cars literally be side by side. To interpret the statute so strictly would limit the application of the statute to situations where the two "competitors" were driving neck and neck at the same speed. This is an unreasonably narrow interpretation of the statute. See R.C. 1.47 ("In enacting a statute, it is presumed that * * * [a] just and reasonable result is intended."); Davidson v.Uhrig (May 21, 2001), Ross App. No. *Page 6 
00CA2544. While criminal statutes are to be strictly construed against the State, this canon of construction " `is not an obstinate rule which overrides common sense and evident statutory purpose.' " State v.Hurd, 89 Ohio St.3d 616, 618, 2000-Ohio-2, quoting State v. Sway (1984),15 Ohio St.3d 112, 116. R.C. 4511.251 can apply even though the cars are not literally side by side the entire time. It is obvious that at any given point in a race, one person may be ahead of the other. Instead, we find that the side by side element of a prima facie case is satisfied with evidence that the cars were in close proximity to each other, in adjoining lanes of traffic, driving in the same direction. Officer Cook's testimony is sufficient to satisfy the first two elements of the prima facie case.
 {¶ 13} To meet the final element of the prima facie case, the State had to present sufficient evidence to show that the cars were driven at speeds in excess of the speed limit or rapidly accelerating from a common starting point to a speed in excess of the speed limit. The speed limit on this portion of Britton Parkway is 40 miles per hour. Officer Cook testified that he believed the cars were driving in excess of 40 miles per hour. His testimony is sufficient for a trier of fact to find that the cars were being driven in excess of the speed limit. Although Officer Cook admitted that he was not specifically trained to gauge speed, this fact affects the weight of his testimony, not his competency to testify about the speed of the cars. Columbus v. Bravi (Mar. 5, 1991), Franklin App. No. 90AP-1135; State v. Auerbach (1923),108 Ohio St. 96, paragraph one of the syllabus ("It is a general rule that any person of ordinary intelligence, who has had an opportunity for observation, is competent to testify as to the rate of speed of a moving automobile * * *."). *Page 7 
 {¶ 14} The State presented sufficient evidence, viewed in a light most favorable to the prosecution, to establish the elements of a prima facie case of street racing. Thus, appellant's conviction for street racing was supported by sufficient evidence. Casey, supra. Appellant's first assignment of error is overruled.
 {¶ 15} Appellant contends in his second assignment of error that his conviction was against the manifest weight of the evidence. The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 16. When presented with a challenge to the manifest weight of the evidence, an appellate court, after " `reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." `Thompkins, supra, at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most " `exceptional case in which the evidence weighs heavily against the conviction." ` Id.
 {¶ 16} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial.State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973;State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and *Page 8 
demeanor, and determine whether the witnesses' testimony is credible.State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58;State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v.Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28;State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 74.
 {¶ 17} The State presented sufficient evidence to satisfy the prima facie case of street racing. Thus, a rebuttable presumption arose that appellant engaged in street racing in violation of R.C. 4511.251. This presumption could be rebutted by contrary evidence. Preston, supra. Here, appellant rebutted the presumption that he engaged in street racing by presenting uncontradicted testimony that he did not operate a vehicle from a point side by side with Gilbert's car.
 {¶ 18} In contrast to the "side by side" element of a prima facie case of street racing, the statute's ultimate definition of street racing requires that the cars be operated "from a point side by side." R.C.4511.251. Therefore, a defendant can rebut a prima facie case with evidence that the cars were never operated from a point side by side. In fact, street racing normally begins with two cars side by side at an intersection or traffic light. See State v. Mattix (May 9, 2003), Wyandot App. No. 16-03-02; Casey.
 {¶ 19} The State contends that this race began in the parking lot where appellant and Gilbert spoke. However, the State presented no evidence to support this theory. Appellant and Gilbert both testified that they were talking in a parking lot when they decided to go to the same restaurant. They exited the parking lot one by one, appellant in *Page 9 
front of Gilbert. They then drove to Britton Parkway where they turned left. Appellant turned first, followed by Gilbert, who had to wait for a car to pass him before he could turn. This uncontroverted testimony rebuts the prima facie case that appellant engaged in street racing. Officer Cook did not contradict appellant's testimony. Officer Cook did not see the cars in the parking lot or at the intersection of Reynolds Drive and Britton Parkway. Nor did Officer Cook testify that he saw the cars operated from a point side by side. In fact, Officer Cook testified that he "did not visually see them from a starting point." When he saw the two cars, one car was ahead of the other.
 {¶ 20} The legislature elected to define street racing as operating cars "from a point side by side." Appellant presented evidence to rebut the presumption that he engaged in street racing through testimony that he and Gilbert did not operate two or more vehicles from a point side by side. The State did not present any contradictory evidence. Thus, appellant's conviction for street racing is against the manifest weight of the evidence, and appellant's second assignment of error is sustained.
 {¶ 21} The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch is reversed and the matter is remanded for a new trial. See Thompkins, supra, at 387, citingTibbs v. Florida (1982), 457 U.S. 31, 47, 102 S.Ct. 2211.
Judgment reversed and case remanded for a new trial.
 FRENCH, J., concur. SADLER, P.J., dissents.
[1] Gilbert also had his younger sister in his car.
[2] Neither driver was charged with speeding. Gilbert was also charged with child endangering as a result of this incident. Gilbert is not before the court in this appeal.
[3] The State never alleged that the other street racing scenario in R.C. 4511.251 applied to appellant's conduct and, in fact, conceded this in oral argument. *Page 10