OPINION
{¶ 1} Defendants-appellants, S.D.K. and B.G., appeal a decision from the Warren County Court of Common Pleas adjudicating them juvenile traffic offenders for street racing. We affirm the decision of the trial court.
 {¶ 2} On January 9, 2007 at approximately 8:19 p.m., appellants stopped their motor vehicles side-by-side at a traffic light on eastbound State Route 73 at the intersection of Clearcreek-Franklin Road in Springboro. Each was the first vehicle at the light in their *Page 2 
respective lanes. S.D.K. was operating a silver Jeep in the right lane, while B.G. was operating a green Chevrolet truck in the left lane. The posted speed limit on the road was 45 m.p.h. Officer Eric Kuhlman of the Springboro Police Department was also stopped in the left eastbound lane, separated from B.G.'s vehicle by one car.
 {¶ 3} At trial, Officer Kuhlman testified that, when the traffic light turned green, he observed the vehicles driven by appellants rapidly accelerate, attempting to out-distance each other. When starting at the light, S.D.K.'s vehicle broke traction and the tires squealed. According to the officer, S.D.K.'s vehicle overtook and cut into the left lane in front of B.G.'s vehicle. B.G.'s vehicle then switched to the right lane. Officer Kuhlman testified that appellants were traveling at an unreasonable and improper speed under the conditions and were traveling at a speed in excess of the 45 m.p.h. speed limit. Finally, Officer Kuhlman stated that he was required to drive 74 m.p.h. to catch up to appellants' vehicles.
 {¶ 4} The officer's vehicle was equipped with a video recording device that recorded the incident. As appellants continued eastbound on Route 73, S.D.K. switched lanes in front of B.G.'s vehicle. B.G. responded by switching to the right lane.
 {¶ 5} Officer Kuhlman initiated a traffic stop of both vehicles. Appellants were each charged with one count of street racing in violation of R.C. 4511.251. Trial was conducted before a magistrate on March 27, 2007. The magistrate issued a written decision adjudicating appellants as juvenile traffic offenders pursuant to R.C. 4511.251. Appellants filed objections to the magistrate's decision which were overruled. Appellants filed individual appeals, which were consolidated by this court. On appeal, appellants raise four assignments of error.
 {¶ 6} Since appellants' first, fourth, and part of the third assignment of error each attack the sufficiency of the evidence, we will address these assignments of error together. *Page 3 
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED IN FINDING THAT THE PLAINTIFF-APPELLEE ESTABLISHED A PRIMA-FACIE CASE FOR THE OFFENSE OF STREET RACING IN VIOLATION OF SECTION 4511.251 OF THE OHIO REVISED CODE."
 {¶ 9} Assignment of Error No. 3:
 {¶ 10} "THE TRIAL COURT ERRED IN FINDING THAT THE FACTS ADMITTED INTO EVIDENCE SUPPORTED THE DECISION BEYOND A REASONABLE DOUBT THAT DEFENDANTS-APPELLANTS MUTUALLY INTENDED TO OUT DISTANCE EACH OTHER AND WERE, THEREFORE, GUILTY OF STREET RACING IN VIOLATION OF SECTION 4511.251 O.R.C.
 {¶ 11} Assignment of Error No. 4:
 {¶ 12} "THE TRIAL COURT ERRED IN NOT SUSTAINING DEFENDANTS-APPELLANTS MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE."
 {¶ 13} In their first assignment of error, appellants argue the state failed to establish a prima-facie case for street racing because it failed to establish that the vehicles traveled "at speeds in excess of prima-facie lawful speeds." Appellants argue the testimony of Officer Kuhlman was insufficient to establish that the vehicles traveled at an excessive speed. In their third assignment of error, appellants argue the state failed to establish that appellants intended to mutually outdistance each other. Finally, in their fourth assignment of error, appellants argue the trial court erred by overruling their Crim. R. 29 motion for acquittal.
 Sufficiency {¶ 14} In reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if *Page 4 
believed, would support a conviction. State v. Wilson, Warren App. No. CA2006-01-007, 2007-Ohio-2298, ¶ 33; State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Our review of a court's denial of a motion for acquittal under Crim. R. 29 is governed by the same standard as that used for determining whether a verdict is supported by sufficient evidence. State v. Haney, Clermont App. No. CA2005-07-068,2006-Ohio-3899, ¶ 14. In reviewing a record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks.
 {¶ 15} R.C. 4511.251 (A) defines the offense of "street racing," in pertinent part, as "the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to out-distance each other * * * The operation of two or more vehicles side by side either at speeds in excess of prima-facie lawful speeds established by divisions (B)(1)(a) to (B)(8) of section 4511.21 of the Revised Code or rapidly accelerating from a common starting point to a speed in excess of such prima-facie lawful speeds shall be prima-facie evidence of street racing."
 {¶ 16} Appellants attack the sufficiency of two elements of the crime. First, appellants argue that Officer Kuhlman's testimony is insufficient to establish that appellants were driving "in excess of prima-facie lawful speeds" because the officer "did not know their speed in miles per hours, nor did he offer any opinion estimate." Second, appellants argue that insufficient evidence was presented to show that the appellants engaged in a competitive attempt to out-distance each other.
 {¶ 17} Appellants direct this court to a split among appellate districts regarding whether a police officer's opinion estimate of speed, without more, is sufficient to support a *Page 5 
speeding violation in excess of the posted prima-facie limit.[1] InState v. Kline, Warren App. No. CA2004-10-125, 2005-Ohio-4336, this court held that an officer's visual observation that a defendant was operating a vehicle in excess of the speed limit is sufficient to support a conviction for speeding. Id. at ¶ 11, citing State v.Wilson (1995), 102 Ohio App.3d 1.
 {¶ 18} At trial, Officer Kuhlman testified that he visually observed appellants traveling at a speed in excess of forty-five m.p.h. In a similar street racing case, In re Wood, Franklin App. No. 06AP-1032,2007-Ohio-3224, the Tenth Appellate District found an officer's testimony that the defendants were driving "in excess of 40 miles per hour"[2] was sufficient to establish that the cars were being driven in excess of the speed limit. Id. at ¶ 13.
 {¶ 19} Further, Officer Kuhlman testified that, when the light turned green, the vehicles rapidly accelerated from the intersection attempting to outdistance each other. Moreover, the vehicles continued to accelerate along Route 73. Once S.D.K.'s vehicle overtook B.G.'s vehicle, S.D.K. moved into the left lane in front of B.G and B.G.'s vehicle then quickly moved into the right lane.
 {¶ 20} Officer Kuhlman's testimony is further corroborated by the video evidence. In the video, appellants' vehicles can be observed quickly accelerating from the intersection. The lane changes noted by the officer are also clearly visible in the recording. Based on the forgoing, sufficient evidence was presented to show that appellants were driving in excess of *Page 6 
the speed limit and engaged in a competitive attempt to out-distance each other.
 Manifest Weight {¶ 21} In their third assignment of error, appellants also argue the adjudication as traffic offenders is against the manifest weight of the evidence.
 {¶ 22} While the test for sufficiency requires a determination as to whether the state has met its burden of production at trial, a manifest weight challenge concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. Wilson, 2007-Ohio-2298 at ¶ 34. In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id.
 {¶ 23} After a review of the record, weighing the evidence and all reasonable inferences, we cannot say the trier of fact clearly lost its way and that the adjudications must be reversed.
 {¶ 24} Appellants' first, third and fourth assignments of error are overruled.
 {¶ 25} Assignment of Error No. 2:
 {¶ 26} "THE TRIAL COURT ERRED IN ALLOWING INTO EVIDENCE THE TESTIMONY OF THE POLICE OFFICER DERIVED FROM LEADING QUESTIONS ON DIRECT EXAMINATION WHICH TESTIMONY AND EVIDENCE WAS DIRECTED TO THE ISSUE OF THE ESTABLISHMENT OF A PRIMA-FACIE CASE FOR THE CHARGE OF STREET RACING."
 {¶ 27} In their second assignment of error, appellants argue the trial court erred by not *Page 7 
finding that leading questions asked by the state were impermissible. At issue are two questions by the prosecution to Officer Kuhlman. Specifically, during direct examination by the state, Officer Kuhlman was asked, "Okay, based on your training and experience did it appear that the Defendants were traveling in an unreasonable, I'm sorry, did it appear that they, did they appear to be traveling at a speed in excess of 45 miles per hour speed limit?" On re-direct examination, Officer Kuhlman was asked, "Mr. [Kuhlman], I'm sorry, Officer [Kuhlman] you testified that you did observe the Defendant's [sic] vehicles traveling over 45 miles per hour?"
 {¶ 28} Decisions regarding the admissibility of evidence are within the broad discretion of the trial court. State v. Hymore (1967),9 Ohio St.2d 122, 128. Absent an abuse of discretion and a showing of material prejudice, a trial court's ruling on the admissibility of evidence will be upheld. State v. Martin (1985), 19 Ohio St.3d 122, 129. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 29} Evid. R. 611(C) provides, in pertinent part, "Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony."
 {¶ 30} Evid. R. 611(A) also provides, in pertinent part, "The Court shall exercise reasonable control over the mode * * * of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."
 {¶ 31} The trial court in this case found that "[t]he first question to which objection was made is somewhat leading. The second question to which objection was made is clearly *Page 8 
leading and also cumulative. The questions are directed towards a critical element of the offense (i.e., whether the defendants were operating their vehicles in excess of the posted speed limited [sic]). Nonetheless, the defendants' speed is not an item of proof fraught with such complexity that the prosecutor would have difficulty in rephrasing the question to obtain the same answer. Although this matter does not come before the Court as an appeal, the Court is cognizant that Evid. R. 103(A) provides that: `error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. . . .' Therefore, the Court finds that no substantial right of these Defendants was affected by permitting the questions. In view of the foregoing and the discretion granted by Evid. R. 611(A) to control the mode of interrogation, the Court does not find that permitting the questions is an abuse of discretion."
 {¶ 32} After review, we find no abuse of discretion by the trial court.
 {¶ 33} Appellants' second assignment of error is overruled.
 {¶ 34} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] The First, Fourth, Ninth, Tenth, and Eleventh Districts have held that an officer's visual estimation of speed is sufficient to sustain a speeding conviction in a prima facie case. Cincinnati v. Dowling (1987),36 Ohio App.3d 198; State v. Harkins (Aug. 5, 1987), Vinton App. No. 431; State v. Wilson (Nov. 20, 1996), Lorain App. No. 95CA006285;Columbus v. Bravi (Mar. 5, 1991), Franklin App. No. 90AP-1135;Kirtland Hills v. Logan (1984), 21 Ohio App.3d 67; State v. Jones (Nov. 8, 1991), Trumbull App. No. 91-T-4508.
 The Second, Third, and Eighth Districts have held that an opinion of the officer that the defendant was speeding, based upon a visual estimation, without more, is not sufficient to sustain a conviction by proof beyond a reasonable doubt. State v. Saphire (Dec. 8, 2000), Greene App. No. 2000 CA 39; State v. Westerbeck (June 19, 1987), Shelby App. No. 17-86-18; Broadview Hts. v. Abkemeier (1992), 83 Ohio App.3d 633.
[2] The posted speed limit was 40 m.p.h. *Page 1