[Cite as *State v. Harris*, 2009-Ohio-2616.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO.  9-09-03

    v.

RICHARD HARRIS, II,                    O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Marion Municipal Court
Trial Court No. TRD 08 09090

**Judgment Affirmed**

Date of Decision:    June 8, 2009


APPEARANCES:

    *Kenneth L. Turowski*  for Appellant

    *Jason Warner*  for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Richard Harris, II, appeals the December 29, 2008 judgment of the Municipal Court of Marion, Ohio, finding him guilty of speeding and ordering him to pay court costs and a fine of $35.00.

{¶2} The relevant facts of this case are as follows. In the early morning hours of September 10, 2008, Harris was driving a semi truck with a box trailer southbound on U.S. Highway 23 in Pleasant Township in Marion County, Ohio, when he was stopped for speeding by Trooper Steve Walsh of the Ohio State Highway Patrol. Trooper Walsh testified that he visually estimated Harris' speed at seventy miles per hour and that his Python II radar unit checked Harris' speed at seventy-two miles per hour. The trooper further testified that when he spoke with Harris, Harris said that he thought he was "going about 65." After acquiring all the necessary information, Trooper Walsh then cited Harris for driving seventy-two miles per hour in a fifty-five mile per hour zone in violation of R.C. 4511.21(D).

{¶3} On September 22, 2008, counsel for Harris filed a request for discovery. In this request, Harris asked for, inter alia, the certifications of the officer using the speed measuring device, all certifications for the device, all repair records of the device for the last three years, and the name of a scientific expert to testify as to the accuracy of the device or in the alternative the case caption where an expert testified to the device's accuracy. The State responded to this request on

September 30, 2008. In this response, the State noted "Please see accompanying documents" in numerous places, but no such accompanying documents appear in the record. On October 15, 2008, Harris filed a motion to compel discovery previously sought. In support, he attached a letter written by his attorney to the prosecutor on October 4, 2008, requesting that the State comply with the discovery requests and including a copy of the discovery request filed on September 22, 2008. The record contains no ruling on Harris' motion to compel.

{¶4} A trial in this matter was held before a magistrate on November 13, 2008. The State presented the testimony of Trooper Walsh. Shortly after this testimony began, defense counsel objected to the trooper's testimony because he never received any documents concerning the trooper's training in regards to the speed measuring device used by the trooper. In addition, counsel objected to any testimony as to the speed measuring device as no documents concerning the device were ever provided in discovery. The magistrate overruled the objections as to the trooper's testimony but also determined that the State would not be permitted to introduce any documents that were not provided in discovery to the defense. Throughout the remaining testimony of Trooper Walsh, the defense made numerous similar objections, which were overruled.

{¶5} At the conclusion of Trooper Walsh's testimony, the State rested its case. Thereafter, Harris made a motion for acquittal pursuant to Crim.R. 29. Harris based this motion on the failure of the State to respond to his discovery

request for the name of an expert who would testify as to the speed measuring device or, in the alternative, a case upon which the court could take judicial notice of the device's accuracy. At this point, the State had not requested that the court take judicial notice of any case that found the Python II to be an accurate device for measuring speed. Thus, counsel for Harris maintained that the court could not entertain any testimony regarding the Python II and the measurement it took of Harris' speed.

{¶6} The State then requested that the magistrate take judicial notice of an entry in a prior case in the Marion Municipal Court, dated March 6, 2008, and signed by the judge of that court. That entry noted that "testimony was heard and evidence taken" regarding various speed measuring devices, including the Python II radar. Based upon that evidence, the court found that the Python II radar was "reliable and/or accurate for the purposes of detecting speed on a motor vehicle." Using that entry, the magistrate in this case took judicial notice of the accuracy/reliability of the radar used to detect Harris' speed. The defense did not present any evidence, and the magistrate found Harris guilty of speeding and recommended he be fined $35.00 and ordered to pay court costs.

{¶7} On November 20, 2008, Harris filed an objection to the magistrate's decision and attached various documents in support of his objection. Included in these documents was a copy of the materials provided in discovery to him by the State. These documents consisted of a copy of the traffic citation issued to Harris,

Trooper Walsh's notes of the stop, and Harris' driving record. The merits of Harris' objection all revolved around the Python II radar, [1] specifically, the lack of discovery provided as to the radar and the trooper's qualifications to operate the radar.

**{¶8}** The trial court overruled Harris' objection on December 29, 2008, and entered its judgment accordingly. This appeal followed, and Harris now asserts three assignments of error.

### FIRST ASSIGNMENT OF ERROR

**THE DEFENDANT'S DUE PROCESS WAS VIOLATED AND HE WAS UNFAIRLY PREJUDICED BY THE STATE NOT PROVIDING RESPONSES TO HIS THREE WRITTEN DISCOVERY REQUESTS TO PROVIDE CERTIFICATES OF TRAINING OF THE OFFICER, CIRCUMLUM [*sic*] VITAE, NAMES OF EXPERTS AND CERTIFICATES OF ACCURACY FOR THE SPEED MEASURING DEVICE.**

### SECOND ASSIGNMENT OF ERROR

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT TOOK JUDICIAL NOTICE OF THE PYTHON II RADAR DEVICE WHEN DESPITE THREE WRITTEN DISCOVERY [*sic*] THE DEFENDANT WAS NOT PROVIDED A COPY OF ANY CASE IN THIS JURISDICTION WHEREIN JUDICIAL NOTICE OF THE SCIENTIFIC RELIABILITY OF THE PYTHON II RADAR WAS TAKEN IN THE MOVING MODE.**

---

[1] One paragraph in his written objection involved the failure of the State to provide copies of all tickets written by Trooper Walsh in the three days preceding and following the citation issued to Harris. Harris' assertion in this regard was that he could not assert a potential claim of selective enforcement. That issue has not been raised in the instant appeal.

## THIRD ASSIGNMENT OF ERROR

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN BASED UPON THE *BROUD* CASE WHICH WAS NOT REFERRED TO UNTIL THE STATE HAD RESTED AND IN WHICH NO REFERENCE IS MADE AS TO WHETHER EXPERT TESTIMONY WAS ELICITED AND EVEN IF THERE WAS TESTIMONY NO REFERENCE WAS MADE AS TO WHETHER THE PYTHON II IS RELIABLE IN THE MOVING MODE.**

**{¶9}** Initially, we note that all three of the assignments of error allege that Harris suffered unfair prejudice as a result of not having documentation regarding the Python II radar, which reported his speed at seventy-two miles per hour. He alleges this prejudice resulted from not having certificates related to the radar or the case upon which the trial court found the radar to be a reliable/accurate method for determining the speed of a vehicle.

**{¶10}** However, Harris has failed to allege any material harm caused by these perceived errors by the trial court. Specifically, we note that while the original ticket cites Harris for seventy-two miles per hour in a fifty-five miles per hour zone, the judgment entry of conviction in this case only states a general finding that "it is the Judgment and Order of the Court that the Defendant committed the speed violation, and the Defendant shall pay a $35 fine."[2] As a

---

[2] This judgment was rendered after the trial court overruled Harris' objection to the magistrate's decision. The magistrate's recommendation stated that the magistrate found "[t]he Plaintiff has proven beyond a reasonable doubt that the Defendant committed the offense(s) of speed."

result, his conviction was for speeding in general, not for the specific rate of speed detected by the radar.

{¶11} In support of this finding, our review of the record reveals that Trooper Walsh testified to his training in determining the speed of a vehicle based upon visual observation. Namely, he testified that he was trained to visually detect the speed of a vehicle within four miles of its actual speed and that his certification in this area was current. Further, he testified that he had been a trooper for nine years and was initially trained for twenty-eight weeks at the highway patrol academy and received yearly updates in his training.

{¶12} When questioned as to whether he visually estimated the speed of Harris' vehicle, Trooper Walsh testified that he made the visual determination of Harris' speed at seventy miles per hour in a fifty-five miles per hour zone. In addition to Trooper Walsh's visual observation, the trooper testified that he asked the defendant how fast he thought he was going. In response, the defendant told Trooper Walsh that "he thought he was going about 65."

{¶13} In sum, the trooper's visual observations,[3] as well as Harris' own

---

[3] We note that at least one appellate district has stated that this Court has held that an opinion of an officer that a defendant was speeding, based upon a visual estimation, without more, is not sufficient to sustain a conviction by proof beyond a reasonable doubt. See *In re State v. S.D.K*, 12th Dist. Nos. CA2007-08-105, 106, 2008 Ohio 3515, at ¶ 11, fn.1, citing *State v. Westerbeck* (June 19, 1987), 3rd Dist. No. 17-86-18, 1987 WL 13063. However, that is not the holding of *Westerbeck*. Rather, this Court, without discussion, found that the testimony in that case was too vague and indefinite for a finding of guilt. Accordingly, the *Westerbeck* case was fact specific and should not be construed in the manner that it has by the Twelfth District. Nor is this an issue in the case sub judice because the facts of this case provide two bases to support the conviction for speeding, the trooper's visual estimation and Harris' admission.

admission, provided a sufficient basis to find beyond a reasonable doubt that Harris was guilty of speeding, notwithstanding the results of the Python II radar. Because Harris was convicted only of the general offense of speeding and not of violating any specific speed limit by a particular number of miles per hour as originally alleged in the charging document, the radar related testimony was not essential to the conviction in this case. Thus, even if this Court were to sustain the assignments of error alleged by Harris, he has failed to demonstrate any prejudice these errors caused, and any error would be harmless. On this basis, the assignments of error are overruled as moot.

{¶14} For these reasons, the judgment of the Marion Municipal Court is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**