[Cite as *State v. Munion*, 2013-Ohio-3750.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                                   :        Case No. 12CA3524
                                                 :
    Plaintiff-Appellee,                          :
                                                 :        DECISION AND
    v.                                           :        JUDGMENT ENTRY
                                                 :
JUSTIN L. MUNION,                                :
                                                 :        **RELEASED: 08/20/13**
    Defendant-Appellant.                         :
_____
APPEARANCES:

Bryan Scott Hicks, Lebanon, Ohio, for appellant.

John R. Haas, City Solicitor, and Ruth A. Buckler, Assistant City Solicitor, Portsmouth,
Ohio, for appellee.
_____
Harsha, J.

{¶1}     Justin Munion appeals his conviction for street racing and argues that it is

against the manifest weight of the evidence because the state failed to establish beyond

a reasonable doubt that he and another driver were driving in a "competitive attempt to

out-distance each other," as required by the statute.  He claims the evidence showed he

was engaged in a passing maneuver rather than street racing.  However, Munion's own

testimony directly contradicts this assertion and we find the argument meritless.

{¶2}     Munion also argues that he and the other driver offered a more credible

version of events.  However, credibility generally is an issue for the trier of fact to

resolve.  Because the state established a prima facie case of street racing and

presented credible evidence upon which the trial court could have reasonably

concluded that Munion was engaged in a competitive attempt to out-distance the other

vehicle, we cannot say that this is an exceptional case in which the trier of fact lost its

way.  Thus, Munion's conviction is not against the manifest weight of the evidence and we affirm his conviction.

## I. FACTS

**{¶3}** In two different case numbers, the state charged Munion with one count of speeding, in violation of Portsmouth Codified Ordinance 333.03, and one count of street racing, in violation of Portsmouth Codified Ordinance 333.07 respectively.  The state also charged Curtis Hall, the person allegedly racing with Munion, with the same offenses and the matter proceeded to a joint bench trial.  The trial court orally found both defendants guilty of all charges and sentenced them.  In Munion's case, the trial court issued an entry of sentence finding him guilty of "DRAG RACING," in violation of Portsmouth Codified Ordinance 333.07, but failed to address his speeding charge.

**{¶4}** Thereafter Munion appealed his conviction for street racing, but we dismissed his appeal for lack of a final appealable order because his speeding charge remained unresolved.  *See State v. Munion*, 4th Dist. Scioto No. 12CA3476, 2012-Ohio-4963, ¶ 6.  On remand, the trial court issued a separate entry of sentence finding Munion guilty of speeding and sentenced him on that charge.  This appeal followed.

## II. ASSIGNMENT OF ERROR

**{¶5}** Munion raises one assignment of error for our review:

> 1. THE CONVICTION FOR STREET RACING WAS AGAINST THE
> MANIFEST WEIGHT OF THE EVIDENCE.

## III. LAW AND ANALYSIS

**{¶6}** To determine whether a conviction is against the manifest weight of the evidence, we review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses to determine "whether in resolving

conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Drummond,* 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 193.

{¶7}   The reviewing court must bear in mind however, that credibility generally is largely an issue for the trier of fact to resolve.  *See State v. Burke*, 4th Dist. Washington No. 12CA39, 2013-Ohio-2888, ¶ 8, citing *State v. Frazier*, 73 Ohio St.3d 323, 339, 652 N.E.2d 1000 (1995).  "'If the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence.'"  *State v. Tyler*, 196 Ohio App.3d 443, 2011-Ohio-3937, 964 N.E.2d 12, ¶ 43 (4th Dist.), quoting *State v. Puckett*, 191 Ohio App.3d 747, 2010-Ohio-6597, 947 N.E.2d 730, ¶ 32 (4th Dist.).  Thus, we will exercise our discretionary power to grant a new trial only in the exceptional case where the trier of fact clearly lost its way and the evidence weighs heavily against the conviction.  *Drummond* at ¶ 193.

{¶8}   The court convicted Munion of street racing in violation of Portsmouth Codified Ordinance 333.07, which states in part:

> (a) As used in this section, "street racing" means the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to out-distance each other or the operation of one or more vehicles over a common selected course, from the same point to the same point, wherein timing is made of the participating vehicles involving competitive accelerations or speeds.* * *  The operation of two or more vehicles side by side either at speeds in excess of prima-facie lawful speeds established by Section 333.03 or rapidly accelerating form a common starting point to a speed in excess of such prima-facie lawful speeds shall be prima-facie evidence of street racing.

Therefore under the ordinance, the state may establish a prima facie case of street racing by evidence showing "[t]he operation of two or more vehicles side by side at speeds in excess of prima-facie lawful speeds established by [Portsmouth Codified Ordinance] 333.03." If the state establishes such a prima facie case, a rebuttable presumption arises that the defendant engaged in street racing. *In re Wood*, 10th Dist. Franklin No. 06AP-1032, 2007-Ohio-3224, ¶ 9. However, the defendant may rebut this presumption with contrary evidence. *Id.*

**{¶9}** Here Munion concedes there was "clear evidence" that he was speeding, but argues that the state did not prove beyond a reasonable doubt that he and Hall operated their vehicles "in a competitive attempt to out-distance each other." Although he admits that the state established a prima facie case of street racing, Munion claims he rebutted this presumption by establishing that he was only engaged in a passing maneuver. We disagree.

**{¶10}** At trial, Sgt. Rob Davis testified that on the night in question he was monitoring traffic speed on U.S. Highway 52 when he observed two trucks, a Chevy and Toyota, traveling in the same lane. Hall was driving the Chevy and Munion was driving the Toyota. At this time the Chevy was in front of the Toyota in the right lane and Davis determined through radar that the trucks were traveling at 71 miles per hour in a 50 miles per hour speed zone. Davis further testified:

> the Toyota started going in the left lane and accelerated to almost 74mph. Apparently the gentlemen must have seen me. They slowed rapidly. The Toyota got back behind the Chevrolet. * * * Both the trucks passed me in the right lane. I decided I had to get them both stopped. It appeared that not only were they exceeding the speed limit, but by the Toyota getting into the left lane and accelerating it appeared that they were attempting to drag race or race from a point to point.

Sgt. Davis also stated that at one point the trucks were side by side while the Toyota was in the left lane and it appeared that the Toyota "accelerated faster" than the Chevy in an attempt to out-distance the other.

{¶11}  After Sgt. Davis stopped the trucks he had a conversation with both Munion and Hall in which they agreed that they were "pretty much" drag racing.  They also agreed that they knew each other and "probably shouldn't have been doing that."

{¶12}  Both Munion and Hall denied they were street racing.  Munion testified that on the night in question he saw Hall in the Wal-mart parking lot and began following him in his truck.  They did not speak and never agreed to race their vehicles.   Munion was driving behind Hall in the right lane on U.S. Highway 52 and went "into the left lane momentarily and * * * came back."  Munion also denied that he ever agreed with Sgt. Davis that he was drag racing and testified "I believe he asked me something along the lines of 'looks like we had some street racing here.'  And I said I didn't see anything like that."

{¶13}  Hall testified that he noticed Munion pulling into the Wal-mart parking lot as he was leaving, but they did not talk to each other.  He saw Munion turn around and begin following him.  He was driving in the right lane in front of Munion and "it [was] a possibility" that he was speeding.   Munion got into the left lane and then got back in the right lane behind his truck.  When Sgt. Davis stopped the trucks, he asked if Hall and Munion were drag racing, but Hall stated that he "immediately told him no."

{¶14}  Based on Sgt. Davis' testimony that Munion and Hall were driving 21 miles per hour over the speed limit and Munion changed lanes so at one point he was side by side with Hall's truck in what appeared to be an attempt to outdistance himself from

Hall, we conclude that the state established a prima facie case of street racing. And contrary to his claim, Munion's testimony does not rebut this presumption by establishing that he was engaged in a passing maneuver rather than street racing.

{¶15} On cross-examination Munion engaged in the following exchange with the prosecutor:

> Q: Um on that particular evening did you attempt to pass your friend?
> A: No.
>
> Q: You never attempted to pass him?
> A: No.
>
> Q: So then you got back into the left hand lane.
> A: Yes I did.
>
> Q: Why did you get into the left hand lane if you weren't attempting to pass him?
> A: I just stayed in that lane.
>
> Q: You are aware that the left hand lane is the passing lane aren't you?
> A: Yeah I know that.
>
> Q: Okay so you just weren't attempting to pass him but you wanted to get in the lane? Is that right?
> A: I mean just yeah.

Thus, Munion's own testimony directly contradicts his assertion that he was attempting to pass Hall's truck and we find his argument meritless.

{¶16} Munion also claims that he and Hall presented a more credible version of events. He argues that Sgt. Davis' testimony regarding their admissions was "extremely vague" and they "were much more specific and detailed in their relating the conversation." However, as we have stated:

> It is the trier of fact's role to determine what evidence is the most credible and convincing. The fact finder is charged with the duty of choosing between two competing versions of events, both of which are plausible and have some factual support. Our role is simply to insure the decision is

> based upon reason and fact. We do not second guess a decision that has some basis in these two factors, even if we might see matters differently. *State v. Murphy*, 4th Dist. Ross No. 07CA2953, 2008-Ohio-1744, ¶ 31.

Having heard the testimony and observed the demeanor of the witnesses, the trier of fact may choose to believe all, part, or none of their testimony. *State v. Nguyen*, 4th Dist. Athens No.12CA14, 2013-Ohio-3170, ¶ 80. Here, the trial court chose to believe Sgt. Davis' version of events and we will not substitute our judgment for that of the trier of fact under these circumstances when the evidence reasonably supports the conclusion that Munion and Hall were engaged in street racing.

{¶17} The state established a prima facie case of street racing against Munion and presented evidence upon which the trial court could have reasonably concluded, beyond a reasonable doubt, that Munion and Hall were engaged in a competitive attempt to outdistance each other. Accordingly, we cannot say that this is an exceptional case in which the trier of fact lost its way. We overrule Munion's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
       William H. Harsha, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**