OPINION
{¶ 1} Defendant-appellant, Roger Leroy Kline, appeals[1] his conviction in the Warren County Court for speeding in violation of R.C.4511.21(D)(2).
 {¶ 2} On August 12, 2004, Ohio State Highway Patrol Trooper Sharese Williams cited appellant for driving 75 m.p.h. in a 65 m.p.h. zone on Interstate 71. At a bench trial, Trooper Williams testified that she was "sitting stationary, checking speeds with laser" when she noticed appellant's car approaching in the fast lane, "going above the speed limit." Trooper Williams next testified concerning her use of the laser, the circumstances surrounding the stop, the calibration of the laser before and after her shift, and the fact that the laser was operating properly during her shift. She then testified that she recorded the speed of appellant's car with the laser at "78, 77, and 74" m.p.h. in a 65 m.p.h. zone. At that point, appellant, who was acting pro se, objected to the "laser testimony in regards to accuracy of the laser." After his objection was overruled, appellant did not cross-examine the trooper, did not testify, and did not present any evidence in his defense.
 {¶ 3} At the conclusion of the state's case, appellant moved for a directed verdict on the grounds that the state failed to establish he was the individual cited for speeding by Trooper Williams, and that the trial court failed to take judicial notice of the accuracy of the laser. The trial court overruled appellant's motion, found him guilty, and imposed a $50 fine and court costs. This appeal follows.
 {¶ 4} In his first assignment of error, appellant argues that the trial court erred by denying his motion for directed verdict because the state failed to prove beyond a reasonable doubt his identity, that is, that he was the individual cited for speeding by Trooper Williams.
 {¶ 5} Appellant was charged with violating R.C. 4511.21(D)-(2) which states, in part, that "[n]o person shall operate a motor vehicle * * * [a]t a speed exceeding sixty-five miles per hour upon a freeway[.]" The state has the duty to present evidence, beyond a reasonable doubt, as to each and every element of the crime as set forth in the indictment. SeeState v. Mills (May 16, 1986), Erie App. No. E-85-28. Where the state fails to offer proof to support an essential averment of the indictment, it is the trial court's duty at the close of the state's case to grant a defendant's motion for directed verdict. State v. Channer (1926),115 Ohio St. 350, paragraph two of the syllabus.
 {¶ 6} The record shows that at the start of the trial, appellant, who was representing himself pro se, identified himself to the court on the record as follows: After the prosecutor stated to the trial court "This is State v. Roger Leroy Kline. Mr. Kline is charged with speeding in excess of [65 m.p.h.] on the interstate[,]" the court asked Mr. Kline (appellant) if he was ready to proceed. Appellant replied he was. Trooper Williams then testified that on August 12, 2004, she came in contact with a person she knew now as Roger Kline. Trooper Williams further testified as to the circumstances surrounding her encounter with appellant, including the location, and how she checked his speed three times.
 {¶ 7} We find that the state established at trial, beyond a reasonable doubt, that appellant was the individual cited for speeding by Trooper Williams. The trial court therefore did not err by denying appellant's motion for directed verdict on that ground. Appellant's first assignment of error is overruled.
 {¶ 8} In his second assignment of error, appellant argues that the trial court erred by admitting into evidence the readings of the laser without taking judicial notice or hearing expert testimony as to the reliability of the laser used by Trooper Williams.
 {¶ 9} As noted earlier, appellant was representing himself pro se at trial. It is well-established that the right of self-representation is not a license for failure to comply with the relevant rules of procedure and substantive law. See State v. Steward (Mar. 1, 1993), Fayette App. No. CA89-01-001. A criminal defendant appearing pro se is expected, as attorneys are, to abide by the rules of evidence and procedure, regardless of his familiarity with them. State v. Doane (1990),69 Ohio App.3d 638, 646. Accordingly, a pro se defendant "must accept the results of [his] own mistakes and errors." Meyers v. First Natl. Bankof Cincinnati (1981), 3 Ohio App.3d 209, 210.
 {¶ 10} The record shows that while appellant objected to the trooper's laser testimony with regard to the accuracy of the laser, he never objected to the speed readings from the laser. Appellant also did not object to the testimony regarding the accuracy of the laser until after the trooper had already testified about the readings. Appellant also never moved to strike the trooper's testimony regarding the readings following their introduction. As a result, pursuant to Evid.R. 103(A), any error in the admission of the speed readings was waived.
 {¶ 11} Furthermore, the admission of the speed readings does not constitute plain error as defined in Crim.R. 52(B). Trooper Williams testified that from her visual observation, appellant's car was going over the speed limit. See State v. Wilson (1995), 102 Ohio App.3d 1
(conviction for speeding will not be reversed on sufficient grounds even if the radar reading was improperly admitted into evidence when the officer testified that, based upon his visual observation, the vehicle was speeding). Thus, even if the speed readings had been excluded, this is not a case where the outcome of the trial would have been clearly different.
 {¶ 12} The trial court, therefore, did not err by admitting into evidence the speed readings of the laser as recorded by Trooper Williams. Appellant's second assignment of error is overruled.
 {¶ 13} Judgment affirmed.
BRESSLER, J., concurs.
WALSH, J., dissents.
[1] We sua sponte remove this appeal from the accelerated calendar.