OPINION
{¶ 1} Defendant, Michael A. Stevens, appeals from an order forfeiting his truck that was issued by the Fairborn Municipal Court pursuant to R.C. 4503.234 and R.C. 4511.19(G)(1)(c)(v), upon a finding that Defendant was convicted of a violation of R.C. 4511.19, operating a vehicle while under the influence of alcohol ("OMVI"), after having been convicted of two other OMVI violations within the preceding six years.
 {¶ 2} Defendant was arrested on his most recent violation on July 4, 2004. Upon incarceration, Defendant designated his sister his agent for service of mail sent to him. Prior to trial, Defendant transferred title to the vehicle he was driving when he was arrested, a Ford F-150 truck, to his mother, Cleta M. Shannon.
 {¶ 3} On September 20, 2004, the trial court found the Defendant guilty of OMVI and ordered the city prosecutor to provide notice to him and his mother that, pursuant to R.C. 4503.234, a hearing would be held on October 25, 2004, concerning forfeiture of Defendant's truck. Notice of the cause and hearing was served on Defendant by certified mail service on his sister. Mrs. Shannon was served personally by certified mail. The Defendant, but not his mother, attended a hearing before the magistrate.
 {¶ 4} At the hearing, the magistrate found that the Defendant and his mother were properly notified, that the forfeiture was not excessive in relation to the maximum fine, and that R.C. 4503.234 is constitutional. The magistrate ordered the F-150 truck forfeited. Defendant filed no objections to the magistrate's decision. The trial court adopted the magistrate's decision as its judgment and order. The Defendant filed a timely notice of appeal.
 {¶ 5} We note at the onset that, upon her motion to this court, the Defendant's mother was allowed to intervene in this appeal for the limited purpose of filing a brief. Her brief does not identify or address any particular assignment of error. She does, however, assert that she is entitled to "more protections, adequate notices, and [an] opportunity to be heard" prior to the forfeiture. The record reflects, and she concedes in her brief, that she received the notice by certified mail on October 18, 2004, eight days before the hearing and more than the seven days required by R.C. 4503.234(A). We find that she received proper notice.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED BY ORDERING FORFEITURE OF DEFENDANT/APPELLANT'S VEHICLE BECAUSE THERE WAS A FAILURE TO DETERMINE IF THE FORFEITURE WAS AN EXCESSIVE FINE."
 {¶ 7} Excessive fines are prohibited by the Eighth Amendment to the United States Constitution and by Section 9, Article I of the Ohio Constitution. Stephens argues that the forfeiture of his vehicle, which is valued at a minimum of $18,000, is excessive. The Defendant raised this issue in the proceedings before the magistrate, who expressly found that a forfeiture of Defendant's vehicle would not constitute an excessive fine.
 {¶ 8} "A party shall not assign as error on appeal the court's adoption of any finding of the decision of the magistrate unless the party has timely objected to the magistrate's decision." Crim.R. 19(E)(2)(b). The Defendant failed to object to the magistrate's finding that forfeiture of Defendant's truck is not an excessive fine. Therefore, he waives any error in the respect complained of, except for plain error. Plain error does not exist unless it can be said that, but for the error, the outcome of the trial or proceeding clearly would have been otherwise. State v. Long (1978), 53 Ohio St.2d 91. We find no plain error.
 {¶ 9} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 10} "THE TRIAL COURT ERRED BY ORDERING FORFEITURE OF DEFENDANT/APPELLANT'S VEHICLE SINCE THE STATE FAILED TO FOLLOW THE STATUTORY PROCEDURES NECESSARY FOR FORFEITURE."
 {¶ 11} Defendant makes a two-pronged argument that notice of the forfeiture hearing was not proper in this case. First, he asserts that the Bureau of Motor Vehicles Form 2255 provided to him by the police officer the night of his arrest failed to have the appropriate box checked to indicate that his vehicle might be forfeited.
 {¶ 12} R.C. 4503.234(A) requires the prosecutor to give the offender notice of the possibility of forfeiture seven days prior to issuance of the forfeiture order. That was done. There is no requirement in that section that the arresting officer inform the defendant about possible forfeiture through the BMV form cited or otherwise.
 {¶ 13} Second, the Defendant argues that he did not receive notice of the possible forfeiture by certified mail until the day prior to the hearing. The Magistrate found that notice was proper because the Defendant's sister, his designated agent for receiving mail while he was incarcerated, received notice on his behalf via certified mail on October 19, 2004. The Defendant failed to object to this finding. Having failed to do so, Defendant has waived any error except plain error. Crim.R. 19(E)(2)(b). We find no plain error. State v. Long. The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 14} "THE TRIAL COURT ERRED BY ORDERING DEFENDANT/APPELLANT'S VEHICLE FORFEITED AS THERE WAS A VIOLATION OF THE DOUBLE JEOPARDY CLAUSES OF THE FIFTH AMENDMENT TO THE [U.S. CONSTITUTION, AND THE] OHIO CONSTITUTION, SECTION 10, ARTICLE I."
 {¶ 15} When it found Defendant guilty of an OMVI offense on September 20, 2004, the trial court noted on the jacket of the case file: "vehicle must be forfeited to State." Defendant contends that the notation was insufficient to reserve the issue for subsequent disposition on October 26, 2004, when forfeiture was ordered pursuant to R.C. 4503.234 following a hearing.
 {¶ 16} The notation to which Defendant refers was not the product of a adjudication of the issue of forfeiture. It was no more than an order that a forfeiture proceeding be commenced. The subsequent forfeiture proceeding and the forfeiture ordered comply with the requirements of R.C. 4503.234. The error assigned lacks merit.
 {¶ 17} The third assignment of error is overruled. The judgement of the trial court will be affirmed.
Wolff, J. and Donovan, J., concur.