OPINION
{¶ 1} Defendant-appellant, Jessie L. Palmer, Jr., appeals his conviction in the Mason Municipal Court for speeding in violation of R.C. 4511.21.
 {¶ 2} On May 27, 2005, Ohio State Highway Patrol Trooper Kevin Bryant cited appellant for driving 92 m.p.h. in a 65 m.p.h. zone on northbound Interstate 71. The matter was tried before a magistrate. At trial, the trooper testified he was traveling southbound on I-71 when he noticed appellant's car traveling at a high rate of speed. After determining that appellant was driving "well above the posted speed limit of 65," the trooper activated his radar device and clocked appellant traveling at 92 m.p.h. According to the trooper, appellant disputed the speed reading on the ground that his radar detector did not go off. The type of radar device used by the trooper was not identified.
 {¶ 3} By decision and judgment filed on July 19, 2005, the magistrate found appellant guilty as charged. Taking judicial notice of the accuracy of the radar device, and based upon "the Trooper's testimony, even without accompanying certificate that he is trained and qualified to observe the unit, his checking of the working order (calibration) before and after and his visual observations of speed," the magistrate found appellant guilty of "speeding 92 in 65." The trial court adopted the magistrate's decision on July 22. This appeal follows in which appellant raises three assignments of error.
 {¶ 4} In his first assignment of error, appellant argues that the state failed to prove its case beyond a reasonable doubt because it failed to (1) identify the type and make of the radar device used by the trooper, and (2) show the trooper's qualifications to use the radar device. As a result, appellant argues, the trial court erred by finding him guilty of speeding. In his second assignment of error, appellant argues the trial court erred by denying his Crim.R. 29 motion for acquittal. In his third assignment of error, appellant argues that the trial court erred by taking judicial notice of the unknown and unidentified radar device used by the trooper.
 {¶ 5} Crim.R. 19(E)(2)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of the decision of the magistrate unless the party has timely objected to the magistrate's decision." Written objections to a magistrate's decision must be filed within 14 days after the filing of the magistrate's decision. Crim.R. 19(E)(2)(a).
 {¶ 6} A review of the record shows that appellant failed to file objections to the magistrate's decision as required under Crim.R. 19(E)(2)(b). As a result, he waives any error in the respect complained of, except for plain error. State v.Stevens, Greene App. No. 04CA0125, 2005-Ohio-5591, ¶ 8. Plain error does not exist unless it can be said that, but for the error, the outcome of the trial or proceeding clearly would have been otherwise. Id. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. See State v. Long
(1978), 53 Ohio St.2d 91. Upon reviewing the record, we find no plain error.
 {¶ 7} We recognize that appellant was acting pro se in the proceedings below. However, the right of self-representation is not a license for failure to comply with the relevant rules of procedure and substantive laws. State v. Kline, Warren App. No. CA2004-10-125, 2005-Ohio-4336, ¶ 9. A criminal defendant appearing pro se is expected, as attorneys are, to abide by the rules of procedure, regardless of his familiarity with them. Id., citing State v. Doane (1990), 69 Ohio App.3d 638. Accordingly, a pro se defendant "must accept the results of [his] own mistakes and errors." Kline at ¶ 9.
 {¶ 8} Appellant's three assignments of error are accordingly overruled.
 {¶ 9} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.