OPINION
{¶ 1} Defendant-appellant, Danin C. Wesley, appeals the judgment of the Mason Municipal Court convicting him of one first-degree misdemeanor count of driving under the influence, in violation of Mason Codified Ordinances 333.01(a)(1)(A). For the reasons set forth below, we affirm in part and reverse in part the trial court's judgment, and remand the matter to the trial court for further proceedings.
 {¶ 2} On March 6, 2008, the Mason police department received a report that a man *Page 2 
was "passed out" in a vehicle. Police later discovered the vehicle in question parked in the middle of a roadway with the door open, and appellant unconscious therein. Appellant was subsequently arrested and charged with one first-degree misdemeanor count of driving under the influence, in violation of Mason Codified Ordinances 333.01(a)(1)(A), as well as one minor misdemeanor count of parking in the roadway, in violation of Mason Codified Ordinances 351.12.
 {¶ 3} The trial court held a plea hearing on April 29, 2008, during which appellant entered a plea of guilty to the offense of "physical control of a vehicle under the influence," a first-degree misdemeanor. The state dismissed the remaining charge of parking in the roadway. On June 3, 2008, the trial court held a sentencing hearing, during which the court sentenced appellant to 180 days in jail, with 150 days suspended, a $300 fine plus court costs, and a one-year driver's license suspension.
 {¶ 4} In its June 3, 2008 judgment entry, however, the trial court indicated that appellant "pled Guilty to a charge of Ovi First A1, in violation of M.M.C. [section] 333.01 A1A a misdemeanor of the first degree." The court further indicated that "the Court found the Defendant Guilty of the charge of Ovi First A1, in violation of M.M.C. [section] 333.01A1A a misdemeanor of the first degree." The court then sentenced appellant, in relevant part, as follows: "The defendant must pay $300.00 in fines plus court costs * * *. The defendant is sentenced to a term of 180 days incarceration * * *. 150 days of the sentence is/are suspended * * *. Defendant's driving privileges to be suspended under a class 5 suspension for a period of 1 year * * *"
 {¶ 5} Appellant now appeals his conviction and sentence upon the offense of driving under the influence, advancing three assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED BY CONVICTING [APPELLANT] OF A *Page 3 
DIFFERENT OFFENSE THAN THE OFFENSE TO WHICH HE PLED GUILTY[.]"
 {¶ 8} In his first assignment of error, appellant argues the trial court erred in convicting him of driving under the influence where the record demonstrates that appellant entered a plea of guilty to the offense of physical control of a vehicle under the influence. We agree.
 {¶ 9} As this court has previously recognized, it is imperative that a court's journal entry "reflect the truth," as a court speaks through its journal. State v. Myers (1997), 119 Ohio App.3d 642, 645. Because "[a]ll `litigants have a clear legal right to have the proceedings they are involved in correctly journalized,' * * * [m]aking an incorrect journal entry is a clear abuse of discretion by the trial court." Id., quotingWorcester v. Donnellon (1990), 49 Ohio St.3d 117, 118. (Internal citations omitted.)
 {¶ 10} The record in this case demonstrates that the state amended appellant's original charge of driving under the influence to physical control of a vehicle under the influence, and that appellant entered a guilty plea to physical control of a vehicle under the influence upon the state's agreement that it would dismiss the charge of parking in the roadway.[1] Physical control of a vehicle under the influence, pursuant to Mason Codified Ordinances 333.01(o)(2)(A), provides that "[n]o person shall be in physical control of a vehicle if, at the time of the physical control, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." Mason Codified Ordinances 333.01 (o)(1) defines "physical control" as "being in the driver's position of the front seat of a vehicle and having possession of the vehicle's ignition key or other ignition device." Mason Codified Ordinances 333.01 (o)(4) provides that "[w]hoever violates this division (o) is guilty of having physical control of a *Page 4 
vehicle while under the influence, a misdemeanor of the first degree. In addition to other sanctions imposed, the court may impose on the offender a class seven suspension of the offender's driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege from the range specified in Ohio R.C. 4510.02(A)(7)."
 {¶ 11} Driving under the influence, pursuant to Mason Codified Ordinances 333.01(a)(1)(A), provides that "[n]o person shall operate any vehicle within this Municipality, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." With respect to the penalty for driving under the influence, Mason Codified Ordinances 333.01(h)(1)(A) provides that "[t]he offender is guilty of a misdemeanor of the first degree and the court shall sentence the offender to all of the penalties and sanctions provided in Ohio R.C. 4511.19(G)(1)(a)(i) to (iv)." R.C. 4511.19(G)(1)(a)(i)-(iv) provides that a court "shall sentence [an] offender" found guilty of operating a vehicle under the influence to "all of the following: * * * a mandatory jail term of three consecutive days[,] * * * a fine of not less than three hundred seventy-five and not more than one thousand seventy-five dollars[,] [and] * * * a class five license suspension of the offender's driver's or commercial driver's license or permit or nonresident operating privilege from the range specified in division (A)(5) of section 4510.02 of the Revised Code."
 {¶ 12} While the trial court in this case referred to the offense of physical control of a vehicle under the influence during appellant's plea hearing on April 29, 2008, the trial court's judgment entry states that appellant entered a plea of guilty to "Ovi," and that the court found appellant guilty of the offense of "Ovi." The court's judgment entry indicates that appellant was sentenced to 180 days in jail, with 150 days suspended, a $300 fine plus court costs, and a one-year driver's license suspension under a class 5 suspension.
 {¶ 13} While the state concedes the trial court erred in referencing the offense of "Ovi" *Page 5 
in its judgment entry, the state contends that such error is merely a clerical error and may be corrected by the trial court's issuance of a nunc pro tunc entry. Crim. R. 36(A) permits a trial court to correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission. The term, "clerical mistake," refers to "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." State v. Brown, 136 Ohio App.3d 816, 819-820,2000-Ohio-1660. "[W]hile courts possess authority to correct errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." Id. at 820, citing State ex. rel. Fogle v.Steiner, 74 Ohio St.3d 158, 163-164, 1995-Ohio-278.
 {¶ 14} While the trial court's reference to "Ovi" in its judgment entry appears to be a clerical error, as the record demonstrates that the court referenced the offense of physical control during appellant's plea hearing, it is unclear whether appellant was sentenced for the offense of physical control or driving under the influence. The record demonstrates that the court did not reference the offense for which appellant was being sentenced during the sentencing hearing on June 3, 2008. In addition, some of the sanctions imposed upon appellant indicate that the court may have sentenced appellant for the offense of "Ovi" rather than physical control. Accordingly, we find such error is more than a mere clerical error, and that the matter must be remanded to the trial court for resentencing. We also instruct the trial court to correct the clerical errors in its judgment entry, including the court's reference to the incorrect offense of "Ovi" with respect to appellant's plea and the court's guilt finding. Appellant's first assignment of error is sustained.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "THE TRIAL COURT ERRED TO THE PREJUDICE OF [APPELLANT] WHEN *Page 6 
THE JUDGE FAILED TO REMOVE HIMSELF FROM THE CASE[.]"
 {¶ 17} In his second assignment of error, appellant contends the trial judge erred in failing to disqualify himself from the proceedings where the judge had previously represented appellant's ex-wife in the couple's divorce proceeding. We find appellant's contention without merit.
 {¶ 18} It is well-established that "a court of appeals is without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." State v. Ramos (1993), 88 Ohio App.3d 394,398; State v. Blankenship (1996), 115 Ohio App.3d 512, 516. R.C. 2701.03
outlines the procedure by which a party may seek disqualification, requiring the party seeking disqualification to file an affidavit of prejudice with the Ohio Supreme Court. As such, this court is without jurisdiction to pass upon this issue, and appellant's second assignment of error is therefore overruled.
 {¶ 19} Assignment of Error No. 3:
 {¶ 20} "[APPELLANT] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO[.]"
 {¶ 21} In his final assignment of error, appellant argues his trial counsel was ineffective in failing to pursue the trial judge's removal from the case, and in failing to object to the trial court's judgment entry convicting appellant of an offense different from that to which he pled guilty. Based upon our resolution of appellant's first and second assignments of error, however, we find appellants arguments as to these matters moot. Appellant's third assignment of error is therefore overruled.
 {¶ 22} The judgment of the trial court is hereby affirmed in part and reversed in part, and the cause is remanded to the trial court for further proceedings consistent with this *Page 7 
opinion.
BRESSLER, P.J., and YOUNG, J., concur.
[1] We note that the "Waiver of Issuance of New Complaint" executed by appellant does not specify the provision of the Mason Codified Ordinances under which appellant was being charged with physical control of a vehicle under the influence. Rather, the document merely references section 333.01. We further note that the state indicates in its brief that appellant pled guilty to section 333.01(a)(1)(C), while appellant indicates in his brief that he pled guilty to section 333.01(o)(2)(A). While it is unclear from the record to which section appellant entered a guilty plea, it appears from the transcript of the plea hearing that appellant entered his plea to section 333.01(o)(2)(A). *Page 1