[Cite as *State v. Dixon*, 2016-Ohio-7438.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | CASE NO.   CA2016-04-074 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N |
| - vs - | : | 10/24/2016 |
| | : | |
| KRYSTAL M. DIXON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2015CRB01283-01

Stephen Wolterman, 530 Wessel Drive, Suite 2A, Fairfield, Ohio 45014, for appellee

Krystal M. Dixon, 2626 Tobermory Court, Cincinnati, Ohio 45231, appellant, pro se

**S. POWELL, J.**

{¶ 1}  Defendant-appellant, Krystal M. Dixon, appeals from her convictions in the Fairfield Municipal Court for resisting arrest and disorderly conduct.  For the reasons outlined below, we affirm.

{¶ 2}  On June 9, 2015, a complaint was filed in the Fairfield Municipal Court charging Dixon with resisting arrest in violation of Fairfield Municipal Code Section 525.09(a), a second-degree misdemeanor, and disorderly conduct in violation of Fairfield Municipal Code

Section 509.03(A)(2), a third-degree misdemeanor. The charges stemmed from allegations Dixon berated the staff at the Fairfield Aquatic Center regarding their refund policy by using loud, belligerent, and profane language before she and several others engaged in a verbal and physical altercation with responding officers from the Fairfield Police Department.

{¶ 3} On July 8, 2015, Dixon filed a motion to suppress arguing that her arrest was unlawful and requested the state to demonstrate why the charges against her should not be dismissed. Dixon later filed a supplemental motion to suppress and a motion to dismiss, wherein she alleged the "arresting officer had no reasonable suspicion or probable cause to believe [she] had committed any offense."

{¶ 4} On February 11, 2016, after holding a hearing on the matter, the trial court denied both Dixon's motion to suppress and her motion to dismiss. In so holding, the trial court determined that after "carefully consider[ing] the evidence presented including the video (State's Exhibit 1) and the applicable authority" that "[t]he City of Fairfield ha[d] established both reasonable suspicion and probable cause for the arrest of [Dixon] and hereby denies [Dixon's] request to dismiss the charges." It is undisputed that the state's Exhibit 1 is a surveillance video taken from the Fairfield Aquatic Center that captured the altercation.

{¶ 5} On February 25, 2016, Dixon entered into a plea agreement wherein she pled guilty to disorderly conduct and no contest to resisting arrest.[1] After accepting Dixon's plea, the trial court sentenced Dixon on the disorderly conduct charge to serve 60 days in jail, 30 of which were suspended, with the other 30 days ordered to be completed on electrically monitored house arrest. The trial court also ordered Dixon to serve two years on probation, pay a fine of $475 plus court costs, and attend anger management classes. In addition, as it relates to the resisting arrest charge, the trial court sentenced Dixon to serve 90 days in jail,

_____

1. Dixon claims she actually pled no contest to disorderly conduct and guilty to resisting arrest. The record does not support Dixon's claim.

all of which were suspended, and ordered her to pay a fine of $650 plus court costs.

{¶ 6} Dixon now appeals from her convictions, raising five assignments of error for review.[2] For ease of discussion, Dixon's assignments of error will be addressed together.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS.

{¶ 11} Assignment of Error No. 3:

{¶ 12} THE TRIAL COURT ERRED BY DENYING APPELLANT'S [SUPPLEMENTAL] MOTION TO SUPPRESS/DISMISS.

{¶ 13} Assignment of Error No. 4:

{¶ 14} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS, BY NOT FOLLOWING HER OWN ORDER.

{¶ 15} Assignment of Error No. 5:

{¶ 16} COURT ERRED BY HER STATEMENTS TO THE DEFENDANT UPON CONVICTING KRYSTAL M. DIXON.

{¶ 17} In her five assignments of error, Dixon argues the trial court erred by denying her motion to suppress and motion to dismiss. Dixon also argues that her convictions must be reversed because the trial court engaged in judicial misconduct by exhibiting a bias and prejudice against her. According to Dixon, due to these errors, this court must reverse the

---

2. Dixon's notice of appeal and appellate brief filed in this matter relates only to Dixon's conviction for disorderly conduct. However, because our analysis remains the same, we will address both of Dixon's convictions within this opinion.

trial court's decision and dismiss any and all charges against her.[3] We disagree.

**{¶ 18}** Dixon did not provide this court with a transcript of any of the various proceedings before the trial court, including the hearing on her motion to suppress and motion to dismiss. It is well-established that "[t]he duty to provide a transcript for appellate review falls upon the appealing party since he or she bears the burden of showing error by reference to matters in the record." *State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 18. As a result, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and have no choice but to presume the regularity of the lower court's proceeding and affirm." *State v. Gregory*, 12th Dist. Clinton No. CA2006-05-016, 2006-Ohio-7037, ¶ 3. Therefore, because Dixon did not provide this court with a transcript, we must presume the regularity and validity of the trial court's decision to deny both Dixon's motion to suppress and motion to dismiss. Although Dixon claims otherwise, this includes the trial court's assertion that it had "carefully considered the evidence presented including the video (State's Exhibit 1) and the applicable authority."

**{¶ 19}** Dixon nevertheless claims the trial court engaged in a "bait and switch" with the state by only accepting the state's video evidence, Exhibit 1, a surveillance video taken from the Fairfield Aquatic Center, when she also presented the trial court with a video of the incident taken from a cellphone camera. According to Dixon, the video taken from the cellphone camera proves she "broke no law." However, without a transcript of the proceedings, we are unable to review the validity of Dixon's claim. In addition, although

---

3. Dixon raised several new arguments during oral argument that were not contained within her appellate brief. "[A]n issue raised during oral argument for the first time and not assigned as error in an appellate brief is waived." *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, ¶ 20 (1st Dist.), citing *Watkins v. Dept. of Human Serv.*, 10th Dist. Franklin No. 00AP-224, 2000 WL 1617765 (Oct. 31, 2000); *Simmons v. Budde*, 10th Dist. Franklin No. 14AP-846, 2015-Ohio-3780 (parties may not advance new arguments during oral argument). Dixon's new arguments raised during oral argument will therefore not be addressed by this court.

Dixon later filed the video taken from the cellphone camera with this court, it is axiomatic that "'[a] reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.'" *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, ¶ 179, quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus.

{¶ 20} Finally, as it relates to Dixon's claim that the trial court engaged in judicial misconduct by exhibiting a bias and prejudice against her, we again note that Dixon did not provide this court with a transcript of any of the various proceedings before the trial court, thereby limiting our ability to review Dixon's claims. Moreover, even if this court was provided with a transcript, in order to disqualify a municipal court judge, a party must comply with procedures set forth in R.C. 2701.031. *State v. Meyers*, 12th Dist. Madison No. CA2012-12-027, 2014-Ohio-3384, ¶ 27. The statute provides the exclusive means by which a litigant may claim that a municipal court judge is biased and prejudiced. *State v. Hunter*, 151 Ohio App.3d 276, 2002-Ohio-7326, ¶ 17 (9th Dist.). In turn, "[d]isqualification proceedings are not initiated in the court of appeals and cannot be reviewed by a court of appeals." *State v. Ludt*, 180 App.3d 672, 2009-Ohio-416, ¶ 17 (7th Dist.), citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441 (1978). As such, this court is without jurisdiction to address this issue, nor may this court "forward" the issue on to the Ohio Supreme Court as Dixon requested. *State v. Wesley*, 12th Dist. Warren No. CA2008-06-086, 2008-Ohio-6755, ¶ 18.

{¶ 21} In light of the foregoing, and based on the record properly before this court, we find no merit to any of Dixon's five assignments of error and overrule the same.[4] In reaching this decision, we note that "the right of self-representation is not a license for failure to

---

4. During oral argument, Dixon's father questioned this court as to why the state's appellate brief was not listed on the Butler County Clerk of Court's website until several weeks after it was due. While it may be true that the state's brief was not immediately posted on the website, it nevertheless contains the necessary timestamp from the Butler County Clerk of Court indicating it was timely filed in accordance with this court's scheduling entry.

comply with the relevant rules of procedure and substantive law." *State v. Palmer*, 12th Dist. Warren No. CA2005-08-097, 2006-Ohio-2712, ¶ 9. In turn, a criminal defendant appearing pro se is expected, as attorneys are, to abide by the rules of evidence and procedure, regardless of her familiarity with them. *State v. Gellenbeck*, 12th Dist. Fayette No. CA2008-08-030, 2009-Ohio-1731, ¶ 29. In other words, pro se litigants are "not to be accorded greater rights and are bound to accept the results of their own mistakes and errors, including those related to correct legal procedures." *State v. Kline*, 12th Dist. Warren No. CA2004-10-125, 2005-Ohio-4336, ¶ 9.

**{¶ 22}** Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.