[Cite as *Fayetteville v. Adkins*, 2018-Ohio-545.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| VILLAGE OF FAYETTEVILLE, | : | |
| | | CASE NO.  CA2017-05-004 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 2/12/2018 |
| - vs - | : | |
| | : | |
| MICHAEL S. ADKINS, | : | |
| | | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY MUNICIPAL COURT
Case No. TRD1700429

Cecelia J. Potts, 750 South High Street, P.O. Box 474, Mt. Orab, Ohio 45154, for plaintiff-appellee

Michael S. Adkins, 5269 Highway 7, West Liberty, Kentucky 41472, defendant-appellant, pro se

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Michael Adkins, appeals his conviction in the Brown County Municipal Court for speeding.

{¶ 2} On November 12, 2016, appellant was charged with speeding in violation of a Fayetteville Village ordinance after Fayetteville Lieutenant John Pullin used a stationary radar unit and measured appellant traveling 65 m.p.h. in a 40 m.p.h. zone. Appellant

appeared in the Fayetteville Mayor's Court for trial in January 2017. At trial, appellant asked the magistrate whether the proceedings were being recorded. The magistrate advised that they were not. Appellant asked that the proceedings be recorded and offered to record them himself. The magistrate advised that recording was not allowed. Appellant was found guilty of speeding and ordered to pay $150. He appealed to the Brown County Municipal Court.

{¶ 3} A bench trial was held in the municipal court on March 14, 2017. At the beginning of trial, and again by motion filed on April 5, 2017, appellant moved to dismiss the case against him, arguing that the failure of the mayor's court to record the proceedings violated his due process rights. The municipal court denied the motion, finding that a mayor's court is not required to record its proceedings because it is not a court of record.

{¶ 4} At trial, Lieutenant Pullin testified on behalf of the village. Appellant did not call any witnesses and did not testify on his own behalf. The officer's testimony confirmed that the mayor's court magistrate did not record that court's proceedings despite appellant's request that they be recorded. By entry filed on April 5, 2017, the municipal court found appellant guilty of speeding and ordered him to pay $150.

{¶ 5} Appellant now appeals, raising six assignments of error, which present two primary issues for review. The first issue challenges the municipal court's denial of appellant's motion to dismiss. The second issue challenges appellant's speeding conviction.

{¶ 6} Appellant first argues the municipal court erred in failing to dismiss the case against him, in light of the mayor's court's failure to record its proceedings. Appellant asserts that a mayor's court is required to record all proceedings before it pursuant to May.R. 11(B)(2), Crim.R. 19(D)(7), and Crim.R. 22. Appellant further asserts he was prejudiced by the mayor's court's failure to record the proceedings because he could not

use the transcript of the proceedings to show that Lieutenant Pullin changed his testimony during trial in the municipal court.

{¶ 7} Mayor's court proceedings are governed by the United States and Ohio Constitutions, R.C. Chapter 1905, and the Mayor's Court Education and Procedural Rules as promulgated by the Ohio Supreme Court. *Office of Montgomery Cty. Pub. Defender v. Rosencrans*, 111 Ohio St.3d 338, 2006-Ohio-5793, ¶ 2. In *Rosencrans*, the Ohio Supreme Court held that notwithstanding the provision of May.R. 11(B)(2) that "[a]n audio system to record mayor's court proceedings should be provided and tapes of proceedings should be maintained[,]" the rule "does not require that mayor's court proceedings be recorded." *Id.* at ¶ 31. Thus, May.R. 11(B)(2) does not impose a duty on the mayor and village to record mayor's court proceedings. *Id.*

{¶ 8} Crim.R. 19(D)(7) provides that "[e]xcept as otherwise provided by law, all proceedings before a magistrate shall be recorded in accordance with procedures established by the court." In turn, Crim.R. 22 provides that "if requested by any party[,] all proceedings [for petty offenses] shall be recorded."

{¶ 9} We are not persuaded that Crim.R. 19(D)(7) applies to mayor's court proceedings given its phrase "except as otherwise provided by law" and the supreme court's holding in *Rosencrans* that May.R. 11(B)(2) does not require the recording of mayor's court proceedings. With regard to Crim.R. 22, the supreme court has held that "[b]y its explicit terms, the recordation requirement of Crim.R. 22 applies to *all* proceedings." (Emphasis sic.) *State v. Grewell*, 45 Ohio St.3d 4, 8 (1989).

{¶ 10} Nevertheless, even if Crim.R. 22 is construed as requiring the recording of mayor's court proceedings, we find the municipal court did not err in denying appellant's motion to dismiss.

{¶ 11} R.C. 1905.24 provides that in appeals from a mayor's court,

- 3 -

the clerk of the mayor's court shall make a certified transcript of the proceedings and deliver such transcript together with the original papers used on the trial, to the court to which the appeal is taken, within fifteen days from the rendition of the judgment appealed from.

Upon receipt of the transcript and the papers mentioned in this section, the clerk of the court to which the appeal is taken shall file them and docket the appeal.

{¶ 12} Thus, if Crim.R. 22 is construed as requiring that mayor's court proceedings be recorded, such a recording would necessarily be part of the transcript of the mayor's court referred to in R.C. 1905.24. Consequently, failure to record the proceedings and include the recording in the transcript delivered to the municipal court on appeal, renders the transcript incomplete. However, the failure of the mayor's court clerk to deliver a complete transcript to the municipal court does not affect the jurisdiction of the municipal court to hear the appeal. "[F]ailure to include the documents required by R.C. 1905.24 in the transcript of the proceedings affects whether the appeal was properly docketed in the municipal court, rather than whether jurisdiction was properly acquired." *Blue Ash v. Hensley*, 1st Dist. Hamilton No. C-130802, 2014-Ohio-3428, ¶ 10. In other words, the docketing in municipal court of an incomplete transcript of the mayor's court proceedings would be a defect in the institution of the proceedings as referred to in Crim.R. 12(C)(1).

{¶ 13} "Crim.R. 12(C)[1] provides that any objections based on defects in the institution of the proceedings must be raised in a pretrial motion." *Id.* at ¶ 19. Crim.R. 12(D) requires such motions to be "made within thirty-five days after arraignment or seven days before trial, whichever is earlier." At the earliest, appellant moved to dismiss his speeding charge at the beginning of his trial in the municipal court. He therefore failed to timely raise his motion to dismiss based on the mayor's court lack of recording. *Hensley* at ¶ 20; Crim.R. 12(D). Consequently, the municipal court did not err in failing to dismiss appellant's speeding charge on the basis of Crim.R. 19(D)(7) or Crim.R. 22.

{¶ 14} Appellant further asserts he was prejudiced by the mayor's court's failure to record the proceedings because he could not use the transcript of the proceedings to show that Lieutenant Pullin changed his testimony during trial in the municipal court.

{¶ 15} We first note that a mayor's court is not a court of record. *State ex rel. Office of the Montgomery Cty. Pub. Defender v. Siroki*, 108 Ohio St.3d 334, 2006-Ohio-1065, ¶ 8; *Fayetteville v. Watson*, 12th Dist. Brown No. CA92-03-006, 1992 Ohio App. LEXIS 5210, *3 (Oct. 12, 1992).[1] Accordingly, an appeal from a mayor's court to the municipal court proceeds as a trial de novo. R.C. 1905.25; *Watson* at *3. We further note that at the beginning of trial and in response to appellant's concern the officer might change his testimony, the municipal court stated, "You can testify that he changed his testimony if you want." As stated earlier, appellant did not testify or present any other evidence.

{¶ 16} The Ohio Supreme Court has held that notwithstanding the recording requirement under Crim.R. 22, an appellant waives any error by failing to invoke the procedure of App.R. 9(C) or App.R. 9(E) and making no attempt to reconstruct the missing portions of the record. *See State v. Tyler*, 50 Ohio St.3d 24 (1990); *State v. Keenan*, 81 Ohio St.3d 133 (1998). The supreme court has further held that when a trial court records proceedings but the recordation is of poor technical quality, such that it fails to accurately record the proceedings in total detail, there is no denial of due process when the defendant fails to avail himself of the remedies available under App.R. 9. *See State v. Osborne*, 49 Ohio St.2d 135 (1976); *State v. Chauncey*, 8th Dist. Cuyahoga No. 75465, 1999 Ohio App. LEXIS 3732 (Aug. 12, 1999). Appellant made no attempt to use App.R. 9 to reconstruct Lieutenant Pullin's testimony before the mayor's court and show prejudice. Hence, the

---

1. Inexplicably, appellant asserts in one of his assignments of error that "The Trial Court erred in stating its (sic) not a court of record." However, the municipal court specifically denied appellant's motion to dismiss on the ground that Crim.R. 22 does not apply to proceedings in a mayor's court because that court is not a court of record.

issue whether he was prejudiced by the mayor's court's failure to record the proceedings is waived. *See Tyler*; *State v. Chapple*, 12th Dist. Warren No. CA92-11-100, 1993 Ohio App. LEXIS 2556 (May 17, 1993).

**{¶ 17}** In light of the foregoing, we find the municipal court did not err in denying appellant's motion to dismiss. In reaching this decision, we recognize that appellant was acting pro se in the proceedings below. However, "the right of self-representation is not a license for failure to comply with the relevant rules of procedure and substantive law." *State v. Palmer*, 12th Dist. Warren No. CA2005-08-097, 2006-Ohio-2712, ¶ 9. In turn, a criminal defendant appearing pro se is expected, as attorneys are, to abide by the rules of evidence and procedure, regardless of his familiarity with them. *State v. Dixon*, 12th Dist. Butler No. CA2016-04-074, 2016-Ohio-7438, ¶ 21. In other words, pro se litigants are not to be accorded greater rights and are bound to accept the results of their own mistakes and errors, including those related to correct legal procedures. *Id.*

**{¶ 18}** Appellant's first through fifth assignments of error are accordingly overruled.

**{¶ 19}** Appellant next challenges his speeding conviction in the municipal court. Appellant suggests his conviction is supported by insufficient evidence or is against the manifest weight of the evidence because the radar unit used by Lieutenant Pullin had only been calibrated by the manufacturer and thus, the state failed to establish the radar's accuracy and reliability.

**{¶ 20}** The record shows that on November 12, 2016, Lieutenant Pullin was operating a stationary radar unit on State Route 68 just north of Ohio Street in the village. The posted speed limit for this particular portion of the road is 40 m.p.h. Lieutenant Pullin testified he observed appellant's vehicle entering the village, traveling at a speed he initially estimated to be in excess of the posted speed limit. The vehicle entered the radar field and the officer received a reading that appellant's vehicle was traveling 67 m.p.h. The officer

locked the vehicle's speed in at 65 m.p.h.

{¶ 21} At trial, Lieutenant Pullin testified he received 40 hours of radar training at the police training academy and was field trained by the village chief of police. The officer conceded the radar unit was last calibrated by the manufacturer when it was purchased 18 months before appellant's speeding incident. The officer explained, however, that radar units "don't get calibrated unless they don't match the testing of the calibration," when they are tested by the officer using the radar. Lieutenant Pullin then testified to the efforts undertaken to ensure that the radar was working properly on November 12, 2016. He first stated that when he turns the radar on, it goes through and passes a self-test on its own. Following this, he performed a two-tuning-fork process for conducting a stationary calibration check. Using both tuning forks, the radar unit registered the correct speeds, indicating that the radar unit was properly calibrated. Lieutenant Pullin further testified that the radar only clocked appellant's vehicle and that there was nothing in the direct line of sight between the radar and the vehicle that would have altered the read-out of the radar.

{¶ 22} Ohio courts have held that "when two tuning forks are used to ascertain the accuracy of the radar unit, additional proof of the accuracy of the tuning forks is not necessary. This is because each tuning fork corroborates the accuracy of the other, and it is highly unlikely that the radar unit and each tuning fork would be inaccurate to the same degree." *State v. Mansour*, 12th Dist. Butler No. CA2010-08-198, 2011-Ohio-4339, ¶ 28, quoting *State v. Bechtel*, 24 Ohio App.3d 72, 73 (9th Dist.1985). Once again, we are persuaded by this reasoning, and we therefore conclude that Lieutenant Pullin's testimony was sufficient to establish that the device was working accurately and reliably on the day of the citation. *Mansour* at ¶ 28.

{¶ 23} After reviewing the record, we further find the municipal court did not lose its way and create a manifest miscarriage of justice by believing the testimony of Lieutenant

Pullin. The officer's testimony concerning his visual estimation of appellant's speed, his calibration of the radar, and the readings from the radar, coupled with his four years of experience and his training, constitutes some competent, credible evidence that appellant was traveling 65 m.p.h. in a 40 m.p.h. zone. *See State v. Gellenbeck*, 12th Dist. Fayette No. CA2008-08-030, 2009-Ohio-1731. Thus, appellant's speeding conviction is not against the manifest weight of the evidence. Further, it is supported by sufficient evidence. *Id.* (determination that a conviction is not against the manifest weight of the evidence is dispositive of the issue of sufficiency).

{¶ 24} Appellant's sixth assignment of error is accordingly overruled.

{¶ 25} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.